# In the United States Court of Federal Claims

No. 20-529C

(Filed: February 5, 2021)

| | |
|---|---|
| **BOSTON EDISON COMPANY, et al.,**<br><br>              Plaintiff,<br><br>    v.<br><br>**UNITED STATES**,<br><br>              Defendant. | Suit for breach of Standard Contract for disposal of spent nuclear fuel; standing; RCFC 12(b)(1); failure to state a claim; RCFC 12(b)(6) |

Richard J. Conway, Blank Rome LLP, Washington, D.C., for plaintiff.  With him on briefs were Frederick M. Lowther and Adam Proujansky, Blank Rome LLP, Washington, D.C., Nicholas W. Mattia, Jr., Tampa, Florida, and Neven Rabadjija, Deputy General Counsel, Eversource Energy, Boston, Massachusetts.

Eric J. Singley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States.  With him on briefs were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., as well as Brighton Springer, Office of the General Counsel, United States Department of Energy, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

In this latest case involving litigation spanning two decades, plaintiff, Boston Edison Company ("Boston Edison"), seeks to remedy a breach of contract against the United States. Boston Edison entered into a contract with the United States Department of Energy ("DOE") in which Boston Edison would pay DOE millions of dollars in exchange for DOE's transport and disposal of spent nuclear fuel ("SNF") generated at the Pilgrim Nuclear Power Station in Plymouth, Massachusetts. While Boston Edison performed under the contract, DOE has not collected or disposed of the SNF.  Boston Edison has since sold the power plant, and the plant recently has ceased operation and is in decommissioning.  The government moves to dismiss Boston Edison's claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  The government asserts that due to the sale, Boston Edison does not have standing to raise its claim and that Boston Edison's theory of liability was previously

foreclosed by the United States Court of Appeals for the Federal Circuit.  Because the court finds that Boston Edison has standing and has stated a claim upon which relief can be granted, defendant's motion to dismiss is DENIED.

## BACKGROUND[1]

This case concerns a Standard Contract between Boston Edison and the DOE.  Compl. ¶ 2, ECF No. 1.  The Standard Contract, formed in 1983 pursuant to the Nuclear Waste Policy Act of 1982, obligated the DOE to collect, transport, and dispose of SNF from Boston Edison's Pilgrim Nuclear Power Station ("Pilgrim").  Compl. ¶¶ 2, 13, 16.  While DOE's contractual obligations began on January 31, 1998, DOE has yet to collect the SNF.  Compl. ¶ 2.  Boston Edison, following Massachusetts' enactment of legislation calling for restructuring of electric utility companies in the State, sold Pilgrim to another company, Entergy Nuclear General Company, LLC ("Entergy") in 1999.  Compl. ¶¶ 3, 19.[2]  As a part of the purchase agreement, Boston Edison agreed to pay Entergy "tens of millions of dollars for long-term, on-site storage of Pilgrim SNF." Compl. ¶ 21.  This payment was included in Pilgrim's Decommissioning Trust Fund at the time of the sale.  Compl. ¶ 21.  Boston Edison assigned the Standard Contract to Entergy, stating that Boston Edison "hereby assigns, transfers and sets over unto [Entergy] . . . all of the Assignor's rights and interests in, and obligations under, the [Standard] Contract." Def.'s Mot. to Dismiss ("Def.'s Mot.") at A2, ECF No. 14.  The assignment stated that the agreement "[e]xcept[ed] and reserve[ed] to the Assignor, however, any and all claims of the Assignor related or pertaining to the Department of Energy's defaults under the [Standard] Contract" accrued as of the sale date, July 13, 1999, "whether relating to periods prior to or

---

[1] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motions and reflect matters drawn from the complaint, the parties' briefs, and records and documents appended to the complaint and briefs.

[2] For a detailed description of the Massachusetts legislation, Boston Edison's agreement with the Massachusetts Attorney General to resolve Boston Edison's obligations under that legislation, and Boston Edison's auction to sell Pilgrim and a recitation of the terms of sale, *see Boston Edison Co. v. United States*, 658 F.3d 1361, 1364-65 (Fed. Cir. 2011).  Among other things,

> [t]he Massachusetts Attorney General insisted that Boston Edison retain all claims against the government arising from DOE's expected breach of the Standard Contract, and that any damages awarded be returned to Boston Edison's ratepayers as compensation for [Spent Nuclear Fuel]-related fees they had paid to the company over a period of several years.

*Id.* at 1365 (footnote omitted).  Further, "Massachusetts regulators approved the sale of Pilgrim and the transfer of the decommissioning fund after concluding that Boston Edison would 'retain[] its claim against US-DOE' under the reservation clause in the sale assignment." *Id.* (alteration in original).

following July 13, 1999." *Id.* Boston Edison sent a letter to DOE apprising the agency of the assignment on the same date. *Id.* at A1.[3]

The Standard Contract, and DOE's breach, has resulted in three rounds of litigation.[4] Boston Edison first filed suit in 1999. Compl. ¶ 23. This court found that DOE breached its contractual obligations to Boston Edison and awarded Boston Edison damages exceeding $40 million for diminution of value "for SNF storage costs included in the decommissioning fund Entergy received from Boston Edison upon the sale of Pilgrim." *Boston Edison III*, 80 Fed. Cl. at 492. On appeal, the United States Court of Appeals for the Federal Circuit reversed in part, stating that Boston Edison could not recover "prospective damages for anticipated future nonperformance . . . in a partial breach case." *Boston Edison VI*, 658 F.3d at 136 (citing *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1376, (2005)). On remand, this court held that despite the Federal Circuit's ruling, Boston Edison retained a "nascent claim for decommissioning costs," *Boston Edison VII*, 106 Fed. Cl. at 342, which would "fully mature . . . on decommissioning," *id.* at 341. The court, therefore, dismissed the case without prejudice. *Id.* at 343. In November 2015, after learning that Entergy planned to cease operations at Pilgrim beginning in June 2019, Boston Edison again filed suit in this court. Compl. ¶¶ 28-29. The court subsequently dismissed Boston Edison's claim without prejudice because Boston Edison's claim was "dependent upon decommissioning at Pilgrim" and those "damages [were] not yet ascertainable." *Entergy Nuclear*, 130 Fed. Cl. at 475. In May 2019, Pilgrim ended power operations and began the decommissioning process. Compl. ¶ 34. Holtec Pilgrim, LLC ("Holtec"), the successor-in-interest of Entergy, spent over $56 million in 2019 for SNF costs associated with decommissioning. Compl. ¶¶ 40, 42.[5] According to the complaint, that money came from the Decommissioning Trust Fund that Boston Edison funded upon the 1999 sale. *See* Compl. ¶¶ 21, 42.

---

[3] Entergy later sold Pilgrim to Holtec International and its subsidiaries, which subsequently rebranded as Holtec Pilgrim, LLC. Def.'s Mot. at 10. That sale was completed on August 26, 2019. Compl. ¶ 38.

[4] This dispute has been the subject of litigation resulting in eight opinions from this court and the United States Court of Appeals for the Federal Circuit. *See Boston Edison Co. v. United States*, 64 Fed. Cl. 167 (2005) ("*Boston Edison I*"); *Boston Edison Co. v. United States*, 67 Fed. Cl. 63 (2005) ("*Boston Edison II*"); *Boston Edison Co. v. United States*, 80 Fed. Cl. 468 (2008) ("*Boston Edison III*"), *appeal dismissed and remanded*, *Boston Edison Co. v. United States*, 299 Fed. Appx. 956 (Fed. Cir. 2008) ("*Boston Edison IV*"); *Boston Edison Co. v. United States*, 93 Fed. Cl. 105 (2010) ("*Boston Edison V*"), *aff'd in part, rev'd in part, and remanded*, *Boston Edison Co. v. United States*, 658 F.3d 1361 (Fed. Cir. 2011) ("*Boston Edison VI*"); *Boston Edison Co. v. United States*, 106 Fed. Cl. 330 (2012) ("*Boston Edison VII*"); *Entergy Nuclear Generation Co. v. United States*, 130 Fed. Cl. 466 (2017).

[5] Holtec additionally projected that it would spend $66 million in 2020, having already spent one-third of that amount at the time the complaint was filed in this case in April 2020. Compl. ¶ 39.

Boston Edison filed the present suit on April 29, 2020.  *See* Compl.[6]  Boston Edison brought two counts for breach of contract and breach of the implied covenant of good faith and fair dealing, seeking damages in excess of $40 million, interest, and attorneys' fees, among other relief, stemming from decommissioning activities at Pilgrim.  Compl. at 11-13.  Boston Edison states that it "was required to pay Entergy tens of millions of dollars to cover the costs of storing SNF."  Compl. ¶ 3.  Now that decommissioning has begun, "Pilgrim has spent over $56 million for SNF costs . . . from the Decommissioning Trust Fund."  Compl. ¶ 42.  Those expenses "would not have been necessary were it not for the DOE's prior breach," and these "mitigation costs . . . were directly, proximately and foreseeably" caused by the breach.  Compl. ¶ 42.  The government moves to dismiss this action pursuant to RCFC 12(b)(1) and 12(b)(6), arguing that Boston Edison lacks standing and has failed to state a claim.  Def.'s Mot. at 1.  Specifically, the government argues that the United States Court of Appeals for the Federal Circuit has previously rejected the diminution-in-value claim presented by Boston Edison in this case.  *Id.* at 17-22.  In addition to contending that it both has standing and has properly stated a claim, Boston Edison avers that the government's arguments are barred by collateral estoppel.  Pl.'s Resp., ECF No. 15.  The motion has been fully briefed, *see* Def.'s Reply, ECF No. 20, and the court held a hearing on November 24, 2020.  The motion is now ready for disposition.

## STANDARDS FOR DECISION

*A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction & Standing*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Boston Edison, as plaintiff, must establish a substantive right to money damages within the court's Tucker Act jurisdiction, *see United States v. Testan*, 424 U.S. 392, 398 (1976), by a preponderance of the evidence, *see Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).  When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

To satisfy the minimum constitutional threshold for standing in a federal court, a plaintiff must have suffered an "injury in fact" that is fairly traceable to the conduct of the defendant, and it must be likely that the injury would be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations omitted).  An injury in fact is an invasion of a legally protected interest that is both (1) "concrete and particularized" as well as (2) "actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (internal quotations and

---

[6] Separately, Entergy filed suit seeking damages for DOE's breach of the Standard Contract at Pilgrim.  Holtec Pilgrim, LLC, Entergy's successor-in-interest, is the present plaintiff in the case.  *See Holtec Pilgrim, LLC v. United States*, No. 19-1159 (Fed. Cl., filed August 9, 2019).

4

citations omitted). A particularized injury is one that affects the plaintiff in "a personal and individual way." *Id.* at 560 n.1. The plaintiff's burden to establish each of these elements depends upon the stage of the litigation. *Id.* at 561.

### B. Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted

Under RCFC 12(b)(6), a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual matters alleged "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).

When reviewing the complaint, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986)) (additional citation omitted). Conclusory statements of law and fact, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

### ANALYSIS

The government contends that Boston Edison both lacks standing and fails to state a claim upon which relief can be granted. Def.'s Mot. at 13-22. Boston Edison refutes both arguments, contending also that the government is estopped by the court's prior rulings from relitigating these claims. Pl.'s Resp. at 9-19. The court agrees with Boston Edison that the issues raised by the government in its motion have been addressed in the court's previous opinions. *See, e.g.*, *Boston Edison I*, 64 Fed. Cl. at 185-86; *Boston Edison VII*, 106 Fed. Cl. at 340-41; *Entergy Nuclear*, 130 Fed. Cl. 466. Regardless of whether the government is barred by collateral estoppel, the court finds that Boston Edison has standing and has properly stated a claim. Therefore, the government's motion to dismiss is DENIED.

### A.     Jurisdiction & Standing

As its basis for jurisdiction, Boston Edison cites the contractual relationship between DOE and Boston Edison established by the Standard Contract. Compl. ¶¶ 8-9; Pl.'s Resp. at 14. In connection with Boston Edison's assignment of the Standard Contract to Entergy in 1999, it reserved "any and all claims . . . related or pertaining to the Department of Energy's defaults under the [Standard] Contract" that accrued prior to the sale, "whether relating to periods prior to

5

or following" the sale. Def.'s Mot. at A2; *see* Pl.'s Resp. at 14.[7]  According to plaintiff, "Boston Edison retained its SNF claims under the plain language of the agreement." Pl.'s Resp. at 14. The government, contrastingly, avers that "Boston Edison . . . cannot pursue the damages that it seeks in this litigation because it is no longer in privity of contract with the United States." Def.'s Mot. at 13.  The government provides that "the claim Boston Edison is asserting here [is not] something that would fit into the language of an assignment," Hr'g Tr. 11:2-4 (Nov. 24, 2020),[8] because the claim did not accrue prior to the assignment, Def.'s Reply at 7-8.  The government's argument rests on the idea that the Boston Edison's assignment reservation should be narrowly construed so not as to include decommissioning costs incurred after the assignment. *See* Hr'g Tr. 14:5-13.

      The court disagrees with the government's averments.  When interpreting contracts, courts are instructed to consider the contract "as a whole" and adopt an interpretation that "harmonize[s] and give[s] meaning to all of [the contract's] provisions." *Julius Goldman's Egg City v. United States*, 697 F.2d 1051, 1057-58 (Fed. Cir. 1983) (quoting *State of Arizona v. United States*, 216 Ct. Cl. 221, 235 (1978)).  The court agrees with Boston Edison that granting the government's motion on this ground would "render the phrase 'whether relating to periods prior to or following the Closing Date' meaningless." Pl.'s Resp. at 15.  Boston Edison expressly retained rights to these claims in the assignment's reservation language.  *See Boston Edison VII*, 106 Fed. Cl. at 340 ("Rights flowing from [the pre-transfer breach] remain Boston Edison's because DOE defaulted before the transfer of the Pilgrim plant to Entergy, and Boston Edison expressly retained rights to claims 'related or pertaining to the D[OE]'s defaults under the DOE Standard Contract accrued as of the Closing Date, whether relating to periods prior to *or following* the Closing Date' of the contract with Entergy.") (alterations in original) (citation omitted).  Therefore, Boston Edison's claim falls within the jurisdiction of this court.

      Further, the government asserts that this court previously rejected Boston Edison's diminution-in-value theory as too speculative to provide a concrete injury sufficient for standing, and the court must therefore "articulate a new basis for standing that is not rooted in the discredited 'diminution in value' theory." Def.'s Mot. at 14.  The court is not persuaded.  In support of its motion, the government cites previous opinions calling Boston Edison's damages claims too speculative or an insufficient basis for standing. Def.'s Mot. at 14.  As this court has previously stated, however, the Federal Circuit's 2011 ruling "foreclosed further litigation on one issue: the viability of a *present* claim by Boston Edison under a diminution-in-value theory" but left outstanding Boston Edison's other claims, including its "nascent claim for decommissioning costs" that would ripen on Pilgrim's commencement of decommissioning. *Boston Edison VII*, 106 Fed. Cl. at 342 (emphasis added).  Now that decommissioning has begun, *see* Compl. ¶ 34, by the court's previous reasoning, Boston Edison's damages claim is no longer speculative. Boston Edison has established standing for its claim in this court.

---

      [7] Previously, the court comprehensively addressed and rejected the government's argument that Boston Edison lacked standing. *See, e.g.*, *Boston Edison I*, 64 Fed. Cl. at 179-86 ("Boston Edison has shown that it suffered injury in fact resulting from the government's alleged breach of the Standard Contract, and thus that it has standing to pursue its contractual claim.").

      [8] The hearing date will be omitted from additional citations to the hearing transcript.

### B. Failure to State a Claim

The government next contends that Boston Edison has failed to state a claim and requests dismissal pursuant to RCFC 12(b)(6). Def.'s Mot. at 17-22. Specifically, the government argues that the Boston Edison's diminution in value claim was "previously litigated and . . . rejected by the Federal Circuit." *Id.* at 17. Boston Edison responds that "[t]he Federal Circuit's ruling rejecting the diminution of value damage theory Boston Edison had advanced in a prior related case meant that Boston Edison could not bring its SNF claim at that time, not that Boston Edison could never bring an SNF claim." Pl.'s Resp. at 16 (emphasis omitted). The court concurs with Boston Edison's reasoning. As the court previously stated, "Boston Edison's claim for decommissioning costs . . . will fully mature only when particular mitigating costs are expended at and on decommissioning." *Boston Edison VII*, 106 Fed. Cl. at 341. The Federal Circuit did not foreclose Boston Edison's claim, but rather stated that damages for "anticipated future nonperformance" were not recoverable at the time of the prior suit. *Boston Edison VI*, 658 F.3d at 1367 (citing *Indiana Michigan*, 422 F.3d at 1376).

To the extent that the government challenges the factual basis for Boston Edison's damages as warranting dismissal, Def.'s Mot. at 19-20, the court finds that Boston Edison has pled facts sufficient to state a claim. To survive a motion to dismiss, a complaint must "contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). The Federal Circuit has repeatedly noted that plaintiffs are not required to "allege details of the damages calculation in the complaint" provided that they assert facts sufficient to support "at least some economic injury." *Oliva v. United States*, 961 F.3d 1359, 1364 (Fed. Cir. 2020) (quoting *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354 (Fed. Cir. 2018), and *In re Johnson & Johnson Talcum Power Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 287 (3d Cir. 2018)) (emphasis removed). Boston Edison, in its complaint, alleges that it paid over $40 million at the time of the sale into the Decommissioning Trust Fund, and that Holtec, as a part of Pilgrim's decommissioning, has already spent over $56 million from the fund. *See, e.g.*, Compl. ¶ 42. These facts are sufficient to state a claim that Boston Edison is entitled to damages and survive the government's motion to dismiss.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims is DENIED. The government shall file its answer by March 3, 2021.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge