# In the United States Court of Federal Claims

No. 20-529C

(Filed: December 17, 2021)

(Not to be Published)

|  |  |
|---|---|
| **BOSTON EDISON COMPANY, et al.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) |
| Defendant, | ) ) ) |
| and | ) ) |
| **HOLTEC PILGRIM, LLC,** | ) ) ) |
| Defendant-Intervenor. | ) ) |

Richard J. Conway, Blank Rome LLP, Washington, D.C., for plaintiff. With him on the briefs were Frederick M. Lowther and Adam Proujansky, Blank Rome LLP, Washington, D.C., and Neven Rabadjija, Deputy General Counsel, Eversource Energy, Boston, Massachusetts.

Daniel Falknor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States. With him on briefs were Brian M. Boyton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., as well as Brighton Springer, Office of the General Counsel, United States Department of Energy, Washington, D.C.

Adam K. Israel, Balch & Bingham LLP, Birmingham, Alabama, for defendant-intervenor. With him on the briefs was Alan D. Lovett, Balch & Bingham LLP, Birmingham, Alabama.

**ORDER**

LETTOW, Senior Judge.

Intervenor, Holtec Pilgrim, LLC ("Holtec"), has moved for certification of an interlocutory appeal stemming from the court's opinion and order denying Holtec's prior motion

for summary judgment.  *See* Int.'s Mot. to Certify Interlocutory Appeal ("Int.'s Mot."), ECF No. 56.  In that summary judgment motion, intervenor raised four questions, three of which the court had already adjudicated in earlier opinions and one of which was premature.  *See Boston Edison Co. v. United States*, ___ Fed. Cl. ___, No. 20-529C, 2021 WL 5298268 (Nov. 15, 2021).  Holtec now seeks to certify those four questions for interlocutory appeal.  *See* Int.'s Mot.  The motion is fully briefed.  *See* Pl.'s Opp'n to Int.'s Mot. ("Pl.'s Opp'n"), ECF No. 58; Def.'s Resp. to Int.'s Mot., ECF No. 57.  Intervenor's motion is DENIED.

To grant certification, 28 U.S.C. § 1292(d)(2) "requires the court to determine that (1) a controlling question of law is at issue, (2) a substantial ground for differences of opinion exists regarding that question, and (3) certification may advance the ultimate termination of the litigation."  *Wolfchild v. United States*, 78 Fed. Cl. 472, 481 (2007).  Intervenor's first three questions fail the first requirement, *i.e.*, questions whether Boston Edison Co. ("Boston Edison") "possessed and retained an 'accrued' claim" after selling the nuclear power plant in 1999, Int.'s Mot. at 2, whether Boston Edison's claim is time barred, *id.*, and whether Boston Edison "is entitled to claim" damages measured by Hotlec's decommissioning expenditures, *id.*,[1] are not "pure" or "abstract issue[s] of law," *see Arenholz v. Bd. Of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) (applying the functionally equivalent 28 U.S.C. § 1292(b)).  Rather, these questions involve application of law to fact that an appellate court could not "decide quickly and cleanly without having to study the record."  *Id.* at 677.  Furthermore, there is no substantial ground for differences of opinion as to the first three proposed questions.  In each instance, Holtec's questions are resolved by binding precedent, and the court has reaffirmed this circumstance several times.  *See Boston Edison*, ___ Fed. Cl. at ___, 2021 WL 5298268 at *4-7.  Finally, intervenor's fourth question is a purely factual issue, and one which the court has not yet had occasion to adjudicate, *i.e.*, whether any damages to which Boston Edison may be entitled should be limited to $40.03 million.  *See Wolfchild*, 78 Fed. Cl. at 482 ("The agency question suggested by the government consequently cannot be certified for interlocutory appeal because it neither has been decided by this court nor is a question of law, let alone a controlling question.").

For these reasons, Holtec's motion is DENIED.  The parties shall continue to fulfill their discovery obligations in accordance with the existing schedule.

It is so **ORDERED**.

s/ Charles F. Lettow<br>
Charles F. Lettow<br>
Senior Judge

---

[1] Holtec's third proposed question for interlocutory appeal is vague and may either be interpreted as repeating the first question, whether Boston Edison retained a claim at all, or as repeating its summary judgment argument that Boston Edison's claims are not ripe until after decommissioning.  Intervenor's motion does not explicitly analyze each question against 28 U.S.C. § 1292(d)(2)'s requirements, preventing the court from identifying exactly what Holtec meant to convey in the third proposed question.  The court's analysis would nevertheless be identical under either reading of the question.